UNITED STATES of America, Plaintiff—Appellee,

v.

Eutiquio CASTANO, Jr., Defendant— Appellant.

No. 03–50016.
D.C. No. CR–02–01554–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

Eutiquio Castano, Jr., appeals his 63–month sentence imposed after he pleaded guilty to two counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 18 U.S.C. § 3742. We review the district court's interpretation of the Sentencing Guidelines de novo and its findings of facts at sentencing for clear error, *see United States v. France*, 57 F.3d 865, 866 (9th Cir.1995), and we affirm.

Castano contends that his demand note stating, "You have five seconds after reading this. Don't do anything stupid and neither one of us will get hurt. Am Armed!!!" was not sufficiently threatening to warrant a two-level upward enhancement for a "threat of death" under U.S.S.G. § 2B3.1(b)(2)(F). We disagree.

The district court did not clearly err in finding that victims could have reasonably interpreted the note as constituting a threat of death if they failed to comply with Castano's demands. *See* U.S.S.G. § 2B3.1, cmt. n. 6 (2002) ("[T]he intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death."); *see also France*, 57 F.3d at 866–67 (upholding application of enhancement even where the defendant does not explicitly state that the use of force will occur unless the target complies with the defendant's demands).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

